1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11    JESSE ANDREW ARREDONDO,        ) Case No. CV 17-0998-FMO (JPR)
                                     )
12                   Petitioner,     ) ORDER ACCEPTING FINDINGS AND
                                     ) RECOMMENDATIONS OF U.S.
13          v.                       ) MAGISTRATE JUDGE
                                     )
14    W.L. MONTGOMERY, Warden,       )
                                     )
15                   Respondent.     )
                                     )
16    _____ )

17       The Court has reviewed the Petition, records on file, and

18    Report and Recommendation of U.S. Magistrate Judge, which

19    recommends that judgment be entered denying the Petition and

20    dismissing this action with prejudice.  See 28 U.S.C.

21    § 636(b)(1).  On February 18, 2020, Petitioner filed Objections

22    to the R. & R., in which he mostly simply repeats arguments from

23    his Petition and Reply.

24       For instance, Petitioner continues to argue that the trial

25    court deprived him of due process when it permitted Erin Glenn to

26    testify that she pleaded guilty to two felonies in connection

27    with his case.  (See Objs. at 2-7.)  He takes issue (see id. at

28    3) with the Magistrate Judge's observation that habeas relief is

                                    1

not warranted because the "Supreme Court has never specifically addressed whether admission of 'irrelevant or overtly prejudicial evidence' can violate due process 'sufficient to warrant issuance of the writ'" (R. & R. at 18-19 (quoting Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009))). But the Supreme Court cases he cites (see Objs. at 2 & Pet., Mem. P. & A. at 14 (citing Hicks v. Oklahoma, 447 U.S. 343 (1980), & Hewitt v. Helms, 459 U.S. 460 (1983))) do not involve the introduction of irrelevant or prejudicial evidence, and the Ninth Circuit cases he relies on (see Objs. at 2; Pet., Mem. P. & A. at 14-15 (collecting cases)) all predate Holley.

In any event, as both the state court and Magistrate Judge found (see R. & R. at 19-20; Lodged Doc. 1 at 8), Glenn's testimony that she had pleaded guilty in connection with Petitioner's case did not violate due process because it was relevant to her credibility. Petitioner contends that the prosecution called her as a witness just to elicit that prejudicial information (see Objs. at 6), but he acknowledges that her eyewitness testimony that Petitioner — whom she was dating — and Gerardo Chavira Jr. approached the victim together and later used the stolen car to pick her up (see Lodged Doc. 16, 2 Rep.'s Tr. at 294-96, 300-01) undermined Petitioner's defense that he was "[m]ere[ly] [p]resen[t]" for Chavira's crime (Objs. at 6) and therefore was relevant. Further, the Magistrate Judge correctly observed that the jury would not necessarily have inferred that she had pleaded guilty to the same crimes Petitioner was on trial for (R. & R. at 20-21) and that even if it did any prejudice was mitigated by the trial court's limiting

2

instruction and the compelling evidence of Petitioner's guilt (see id. at 21-23). Although Petitioner is correct that the Magistrate Judge did not apply the "harmless error analysis" from Chapman v. California, 386 U.S. 18, 24 (1967) (see Objs. at 3), she was not supposed to do so on habeas review. See Davis v. Ayala, 135 S. Ct. 2187, 2197 (2015) (Chapman standard applies on direct appeal, not on habeas review).

Additionally, Petitioner continues to rely on People v. Sanchez, 63 Cal. App. 4th 665, 686 (2016) (see Objs. at 10-11), even though it is not clearly established law for purposes of federal habeas review, as explained to him in the R. & R. (R. & R. at 36-37). Further, contrary to Petitioner's assertion (see Objs. at 11, 15-16), the Magistrate Judge correctly noted that the prosecution's gang expert did not rely exclusively on case-specific hearsay and that any error was harmless because his assessment that Petitioner was a WSA member was based on sufficient admissible, nontestimonial evidence (see R. & R. at 37-41).

Petitioner claims that the admissible evidence of his involvement in WSA, as well as in the carjacking, was insufficient. For instance, he points out that in her trial testimony his mother denied telling a police officer that he was a WSA member (Objs. at 11), claims that other evidence of his involvement in WSA was the result of his having been a "brag[g]adocious adolescent" (id. at 12; see id. at 8), and contends that the circumstances surrounding the carjacking supported an inference that he was merely present for — and not involved in — it (id. at 9, 11, 15-16). But the Court must

3

review the trial evidence "in the light most favorable to the prosecution," Jackson v. Virginia, 443 U.S. 307, 319 (1979), and the Magistrate Judge correctly found that the jury — which was presented with the same arguments Petitioner presses here — made findings that were sufficiently supported by the evidence (see R. & R. at 22-23, 30-32). Contrary to Petitioner's claims (see Objs. at 9), the prosecution did not need to prove why Petitioner and Chavira committed the crime or that WSA specialized in car theft to sufficiently establish that Petitioner acted for the benefit of, at the direction of, or in association with the gang, see People v. Albillar, 51 Cal. 4th 47, 68 (2010) ("[I]f substantial evidence establishes that the defendant intended to and did commit the charged felony with known members of a gang, the jury may fairly infer that the defendant had the specific intent to promote, further, or assist criminal conduct by those gang members.").

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: March 20, 2020          /s/
                               FERNANDO M. OLGUIN
                               U.S. DISTRICT JUDGE

4